WILLIAM D. ELAM AND WIFE, plaintiffs in error, *vs.* THOMAS
MOOREFIELD *et al.*, defendants in error.

1. G executed a deed, conveying certain negroes to his children, and
subsequently died, leaving a widow and nine children. The widow
kept possession of the negroes for many years, using and employing
them for the support of herself, and the support and education of such
of the children as continued to live with her, until they respectively
married, or arrived at age and left her. On a bill filed by one of the
children and her husband, who had enjoyed these advantages until her
marriage, against the other children, for an account of her part of the
value of the hire of said negroes, upon the allegation that the widow
had taken possession of the property, and by and with and under the
advice and direction of one of her five sons, managed the same; that
she took this possession with the consent of all the children, complain-
ant not then being of age : *Held*, that on these allegations, complain-
ants were not entitled to a decree for hire against the other children, or
any one of them, and that the Court properly excluded that inquiry
from the jury.

In equity. From Chattahoochee Superior Court. Tried
before the Hon. W. C. PERKINS, the presiding Judge. At
May Term, 1860.

The question in this case arises out of the following state
of facts, to wit:

On the 3d day of March, 1831, Jacob Garrard executed a
deed, conveying to William S. Hardin certain negro slaves,
(naming them,) " to have and hold the said slaves during the
natural lifetime of the said Jacob Garrard, in trust for the
sole and exclusive benefit, use and advantage of the children
of the said Jacob Garrard, (naming them,) and at the death
of the said Jacob Garrard, the trust estate created by the
deed should cease and determine, and the said negro slaves
should vest absolutely, unconditionally and equally in the
children of the said Jacob Garrard by his then wife, Martha
Garrard, formerly Martha Hardin, which he might have at
the time of his death."

Jacob Garrard died on the 31st of May, 1842, leaving at
that time, surviving him, his wife and the following named
children by her, to wit : Frances E., who intermarried with

Thomas Moorefield ; Caroline E., who intermarried with John M. Wilcher; Nancy S., who intermarried with William George; Martha N., who intermarried with William D. Elam; Nicholas W., Augustus O., William W., Albert L., and James L.

By consent of all the parties, except Martha N., who was a minor at the time, old Mrs. Garrard kept the slaves mentioned in the deed of trust, and used, employed and hired them out, and appropriated the proceeds to the support of the family, until the several members married and moved away. No account or return of the hire was ever kept or made.

On the 4th of June, 1851, Martha N. intermarried with William D. Elam, having attained majority a short time before.

James L. bought the share of William George and wife in the property, and afterwards died, and Edward Barnard became administrator of his estate. Barnard afterwards sold at administrator's sale the two shares of James L., and William W. Garrard became the purchaser. William W. Garrard also purchased the shares of his brothers, Albert L. Garrard and Nicholas W. Garrard, and thus became the owner of five-ninths of the property.

On the 4th day of November, 1858, William D. Elam, in right of his wife, filed a bill in equity against Nicholas W. Garrard, Augustus O. Garrard, Thomas Moorefield, William W. Garrard, Albert L. Garrard, John M. Wilcher, and Edward Barnard, administrator of James L. Garrard, deceased, setting forth the facts aforesaid, and alleging, also, that the negroes thus used and employed by old Mrs. Garrard, with the consent of all the parties, except his wife, and for the benefit and support of the family, were worth, in the aggregate, the sum of $4,700 00, and that they were worth, for hire, from the 1st day of January, 1851, to the 1st day of January, 1859, the aggregate sum of $5,900 00, no part or benefit of which was received or enjoyed by himself or his wife.

The bill prays a discovery as to the facts charged, and that the defendants may be compelled to account to the complain-

ants for one-ninth part of the hire of the negroes from the 1st day of January, 1851.

William W. Garrard, in his answer, admits most of the facts charged in the bill, but denies that the negroes were worth, for hire, the sum stated in the bill, but he admits that from 1851 to 1859, if hired at the usual rates, they would have been worth from $3,500 00 to $3,675 00. He also denies that he ever controlled said negroes, or derived any benefit from them, having left the family in 1835, and paid his own expenses ever since.

Barnard denies all knowledge of the facts stated in the bill.

The bill was taken *pro confesso* as to Thomas Moorefield, Augustus O. Garrard, Nicholas W. Garrard, and John M. Wilcher.

Complainant filed his affidavit stating that if the last named parties were to answer the bill, he believed that they would admit the allegations of the bill.

The case went to the jury upon the bill, answers and affidavit alone.

The presiding Judge decided that, under the pleadings and facts, as submitted to the jury, the complainant could not have a decree against respondents for the hire of the negroes, and the jury found accordingly.

The decision of the Judge is the error alleged.

W. D. Elam, for plaintiffs in error.

L. T. Downing, for defendants in error.

*By the Court*—Lyon, J., delivering the opinion.

On the 3d March, 1831, Jacob Garrard, then in life, conveyed certain slaves to William S. Hardin, in trust for the use of his children, by his wife, Martha, then and now living, that should be in life at his death, of whom there were then seven living, the wife of complainant being one, and three others were subsequently born. The said Jacob died in 1842, leaving his wife and nine children surviving. After the

death of the said Jacob, his widow retained the possession of the negroes, and employed them for the support and maintenance of herself, and the like support, maintenance and education of such of the children as lived with her, until and as they respectively married and left her, some having married and left the house before the death of the father. Each one of the nine children was entitled to the one-ninth part of the negroes so conveyed. Complainants, William D. Elam and Martha N., one of the children entitled to a share of said property, were married in 1851, and this bill was filed by them in 1858, against the other children, to compel a distribution of said negroes, and to charge the property with the complainant's share of the hire of the negroes up to the distribution, on the following allegations : "Immediately after the death of the said Jacob Garrard, all of the property went into the possession of Martha N. Garrard," the widow, " by and with the consent of all the children who were of age at that time, complainant, Martha N., being a minor at that time and for many years afterward ;" that " Martha N.," (the widow,) " took possession of said property, mentioned in said deed, and managed the same by and with and under the directions of one of her five sons, from the death of said Jacob Garrard to the present time, and there has not been any return made or account rendered of the hire of said slaves, up to the following time ;" and " complainant, in right of his wife, is entitled to the one-ninth part, with interest on the one-ninth part hire." The prayer is, that " the defendants account with complainant respecting his proportionate part of the value and hire of said negroes." When the cause came on for trial in the Court below, Judge Worrill ruled, upon the pleading, that the complainants were not entitled to a decree against the defendants for anything in the way of hire, and so it was decreed. To this ruling complainant excepted, and that is the only question made by this record for our determination.

We think the Court ruled correctly, as there was no allegation in the bill that could have authorized a recovery against the defendants, or any one of them, for the hire of

the negroes or any part of it.   One allegation is, that "all of the property went into the possession of Mrs. Garrard, the mother, with the consent of all the children that were then of age."   Such consent is not even a circumstance to charge those consenting to the use of the property by the mother, with the hire of the property, to those who did not consent. It would be a strange rule that would create such liability. The only other allegation is, that Mrs. Garrard " took possession of the property, and managed the same by and with and under the direction of one of her five sons."   If she did take possession of and manage the property, she is liable for its use, and not her sons, although they might have directed her in its use ; any stranger might have done so much, without incurring liability to the owner for its use.   But suppose that the one of her five sons, who gave the directions as to the management of the property, thereby rendered himself liable to the owners for hire, it does not follow that the balance of the children are liable for his act; and to have made the son liable under any circumstances, the bill ought to have shown which one of the sons thus directed the management, and in that case, if his act created a liability, which we do not admit, it would be only a personal one, to be recovered in the ordinary way, and not by a proceeding in equity to charge his property, as if it were a special lien upon it.

Let the judgment be affirmed.